Jack COKINS and Joy Cokins, Plaintiffs
and Respondents,

v.

Kenneth FRANDSEN and Nettie Frandsen,
Defendants and Appellants.

No. 8160.

Supreme Court of North Dakota.

July 27, 1965.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for plaintiffs and respondents.

Roy A. Ployhar, Valley City, for defendants and appellants.

STRUTZ, Judge (on reassignment).

The parties to this action entered into a contract by which the defendants were to convey certain real property to the plaintiffs. The defendants failed to deliver, and plaintiffs brought proceedings for specific performance. The trial court found for the plaintiffs, ordered the defendants to convey the property, and, for their failure to perform as required by the contract, the court ordered:

"  *   *   * that plaintiffs have judgment against the defendants for loss of profits in the sum of $100 per week from May 1 to September 1, 1961, and for $100 per month from September 1,

1961, to May 1, 1962, and for $100 a week from May 1, 1962, to the date that possession of said premises is delivered to the plaintiffs."

The contract which the court ordered specifically performed had a provision on payment of taxes as follows:

"It is understood and agreed by and between the parties hereto that the parties will pro-rate the real estate taxes levied against the premises for the year 1961 as of March 1, 1961, and that parties of the first part will pay all real estate taxes and special assessments levied against the premises for the year 1960 and prior years."

In ordering specific performance, nothing was said by the court in his memorandum decision or in the findings about the payment of taxes. The court did state in his memorandum opinion, however,

"The plaintiffs in their reply brief in this matter waive and forego any right to damages, requesting only specific performance and loss of profits. *   *   *"

Judgment was entered pursuant to the findings of fact, conclusions of law, and order for judgment, which provided for payment of loss of profits to the plaintiffs for the defendants' failure to perform. This judgment, which was entered June 12, 1962, contained the following language:

"2

"That Defendants shall pay to Plaintiffs, as and for loss of profits from the operation of a restaurant business on said premises in the sum of $100.00 per week from May 1, 1961, to September 1, 1961, the sum of $100.00 per month from September 1, 1961, to May 1, 1962, and $100.00 per week from May 1, 1962, until possession of said real and personal property is delivered to Plaintiffs by Defendants, and that said sum shall be deducted from the $32,000.00 to be paid to Defendants by

Plaintiffs as the balance of the purchase price for said real and personal property."

Thereafter, because of an error in the legal description of the property conveyed, an amended judgment, giving the proper description of the property, was entered on November 23, 1962, on motion of the defendants. No mention was made in the amended order for judgment or amended judgment of the payment of taxes.

Subsequently, a deed and bill of sale were tendered by the defendants, who made a motion for an order requiring the plaintiffs to accept such tender. The motion further requested that the plaintiffs be ordered to:

"* * * pay the consideration therefore in the sum of Thirty-two Thousand and no/100 ($32,000.00) Dollars, less the damages as determined by said Amended Judgment up until June 12, 1962, cancel and annul all subsequent and further damages and make such order as may be necessary to complete the performance between the plaintiffs and defendants including a definite time for the completion thereof and for such other and further relief as may be just and equitable in the premises."

The court, on January 29, 1963, entered its order, holding that the tender made by the defendants was a valid and legal tender, and constituted full compliance by the defendants with the terms of the judgment as amended. This order further provided that the court retain jurisdiction for the purpose of passing on the title which the defendants would furnish to the plaintiffs, if any question should be raised on the merchantability of such title.

Thereafter, on May 21, 1963, the court issued a further order providing that the defendants pay all taxes on the property involved in the controversy through the year 1962, and that they pay a prorata share of the 1963 taxes to March 7, 1963, the date when the defendants delivered possession of the premises to the plaintiffs. From this order of May 21, 1963, the defendants have taken this appeal.

The judgment of the trial court, decreeing specific performance of the contract to the plaintiffs, was entered and notice of entry was served on June 12, 1962. This judgment determined all of the rights of the parties under the contract. No appeal was taken from the judgment by any of the parties, and time for appeal from the judgment expired six months after notice of entry. Sec. 28–27–04, N.D.C.C.

The amendment of the judgment on November 23, 1962, was for the sole purpose of correcting the description of the premises involved, and did not amend any of its other provisions. The court clearly had the power to make such amendment, and the motion to correct such mistake did not affect the finality of the judgment or suspend its operation. Rule 60(a) and–(b), N.D. Rules Civ. Procedure.

The judgment entered in this case, decreeing specific performance, settled all of the issues between the parties arising out of the contract. It was a final judgment. The court had the authority and the power, if it had so desired, to order the defendants to pay the taxes on such property for the period during which they failed to perform their part of the contract by refusing to deliver possession to the plaintiffs. But the court did not order such payment as a part of its decision. Neither the plaintiffs nor the defendants, at the trial, raised any question on the issue of taxes. The plaintiffs did not demand the payment of taxes by defendants, for the court pointed out in its memorandum decision that the plaintiffs were demanding only specific performance of the contract and loss of profits, and that is what the judgment of the court decreed. The defendants, on the other hand, having paid the 1961 taxes before trial, made no demand for refund of those

taxes. The judgment of June 12, 1962, was a final judgment on all issues between the parties, including the issue of payment of taxes, or a refund of the taxes paid by the defendants. All these issues were merged in the judgment and could not be changed by an order made subsequent to the date when time for appeal from such judgment had expired. A judgment on the merits is conclusive between the parties, not only as to every matter which was litigated but also as to every matter arising out of the same cause of action which might have been litigated therein. Youngstown Mines Corp. v. Prout, 266 Minn. 450, 124 N.W.2d 328; In re Smith's Estate, 76 S.D. 11, 71 N.W.2d 577.

For reasons stated herein, the order of the trial court of May 21, 1963, insofar as it decrees that the defendants pay taxes subsequent to the 1961 taxes, which they had paid before trial, is void. The order appealed from is reversed.

ERICKSTAD and BURKE, C. J., and TEIGEN, JJ., concur.

KNUDSON, J., not being a member of the Court at the time of submission of this case, did not participate.