Jack COKINS and Joy Cokins, Plaintiffs and Respondents,

v.

Kenneth FRANDSEN and Nettie Frandsen, Defendants and Appellants.

No. 8284.

Supreme Court of North Dakota.

Feb. 11, 1966.

Rehearing Denied Feb. 28, 1966.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for plaintiffs and respondents.

Duffy & Haugland, Devils Lake, for defendants and appellants.

STRUTZ, Judge.

This is an action to reform the description of real property in a purchase agreement in which the defendants sold certain real property on which there was located a restaurant building. Subsequent to the execution of such written agreement, a dispute arose between the parties, and the plaintiffs, as buyers in such agreement, brought an action for specific performance of the agreement. The trial court ordered specific performance, but, before judgment was entered in such action, it was discovered through a new engineering survey that the description of the real property in such purchase agreement was erroneous. The plaintiffs attempted to put the correct description in the order for judgment and the judgment entered in the specific-performance action. The defendants, however, objected to such change, and the plaintiffs thereupon commenced a separate action for the reformation of the description of the real property. The trial court in the specific-performance action ruled that the judgment entered in that action should describe the property as it was described in the purchase agreement which was being specifically performed. The trial court, however, also ruled that the acceptance of the tender of a deed with such erroneous description "shall not be construed to render the action for reformation of the description of the real property res adjudicata."

The judgment entered in the specific-performance action was appealed to this court on the question of certain liabilities of the defendants, including liability for payment of taxes, which the trial court had ordered paid subsequent to the entry of judgment in such action. We held that the entry of judgment in the specific-performance action settled all of the issues raised between the parties in such action, and that such judgment could not be changed by an order made subsequent to the date when time for appeal from such judgment had expired. Cokins v. Frandsen, N.D., 136 N.W.2d 377.

Before our opinion in the specific-performance case was rendered, this action for reformation of the description of the property in the purchase agreement came on for trial in the district court. That court held that, since the trial court which had considered the specific-performance action had ruled that the judgment in the specific-performance action should describe the property as listed in the purchase agreement being specifically performed, and that the acceptance of a deed tendered by the sellers which contained such alleged erroneous description "shall not be construed to render the action for reformation of

the description of the real property res adjudicata," judgment in the former action was not res adjudicata. The trial court ordered judgment reforming the description. It further ordered judgment for damages suffered by the plaintiffs for loss of business profits resulting from the defendants' insistence on maintaining of record the erroneous description in the purchase agreement. From this judgment the defendants have appealed to this court.

■ The first question raised on this appeal is whether the issues in this action were rendered res adjudicata by judgment in the former action for specific performance. We held in our decision in that action that a judgment on the merits is conclusive between the parties, not only as to matters which were litigated but also as to every matter arising out of the same cause of action which might have been litigated in such action. Cokins v. Frandsen, N.D., 136 N.W.2d 377.

■ In reaching our decision in that case, however, it was not called to our attention that the trial court had specifically held that the tender and acceptance of a deed with the description contained in the purchase agreement would not render the question of reforming the description in such instrument res adjudicata. We believe the court might have heard additional testimony on the question of reformation of such description in the former action. But the court, by specifically ruling that the tender and acceptance of such deed would not render the action for reformation of the description of the real property res adjudicata, kept that question open for subsequent determination. We believe that the trial court in this case, in holding that the judgment in the former suit between the same parties was not conclusive and res adjudicata on the question which had been specifically excluded by the court in its consideration of the issues of the former action, was correct. The question of reformation of the description of the real property was knowingly and deliberately not passed on in that action. And, while we held that a judgment on the merits is conclusive between the parties, not only as to every matter which was litigated but also as to every matter arising out of the same cause of action which might have been litigated therein, this rule would not apply where the trial court in the former action specifically refused to rule on the question of reformation of description and ruled that such question would be considered in a separate action for reformation. We believe the trial court in this action properly held that the former judgment was not res adjudicata on the issue of reformation of the description of the property under such circumstances.

■ The appellants next contend that, aside from the question of res adjudicata, the plaintiffs are not entitled to reformation of the description of the real property in the deed. In order that the court may order reformation of the description of real estate in an instrument, it must appear that there has been a mutual mistake. In other words, it must be shown that, at the time of the execution of the agreement to sell, both parties intended to say something different from what was said in the instrument. In such event, equity has the power to reform the instrument to correct the mutual mistake of the parties. Williams v. Hebbard, 33 Cal.App.2d 686, 92 P.2d 657.

■ Thus equity will grant relief in the nature of reformation of a written instrument, where misdescription results from mutual mistake, when justice and good conscience so dictate. Wilson v. Polsfut, 78 N.D. 204, 49 N.W.2d 102.

In the case before us, both parties agree that the description in the purchase agreement entered into between the parties was not the correct description of the property to be conveyed, although they do not agree what the correct description should be. The defendants admit that it would be impossible to convey the property as it was actually described in the purchase

agreement because the defendants had sold or contracted to sell some of the property so described to a third party, so both parties agree that the description as it appears in the purchase agreement was not the correct description of the property actually intended to be sold.

■ This court has held that, when the issue is whether or not a written instrument should be reformed because of a mutual mistake, parole evidence is permissible to correct the instrument to conform with the agreement or intention of the parties. Wentzel Implement Co. v. State Finance Co. (N.D.), 63 N.W.2d 525.

■ The plaintiffs argue that they purchased a restaurant and that the agreement of all of the parties was that the land on which such restaurant was located, as it bordered on the public highway, was intended to be conveyed. The defendants, on the other hand, contend that although they sold the land on which the restaurant was located they intended to retain a narrow strip of land between the restaurant and the public highway. We believe the trial court correctly found that the intention of the parties was to convey the tract including the strip adjacent to the public highway. It is difficult to imagine the plaintiffs' purchasing a restaurant that was cut off from the main public highway. The value of such establishment would be diminished if it were cut off from access to a main public highway by a narrow strip retained by the defendants, even though there might be access to the property from another direction.

■ It is generally held that a misdescription in an instrument may be corrected where the mistake is apparent on the face of the instrument. 76 C.J.S. Reformation of Instruments § 42, p. 387 et seq.

■ It is conceded that the description as it appeared on the written agreement to sell was erroneous. Thus the description as it appears in the instrument designated as the purchase agreement was incorrect because of a mutual mistake. And, as we said in Wilson v. Polsfut, supra, equity will grant remedial relief in the nature of reformation of a written instrument containing a misdescription resulting from mutual mistake when justice and good conscience so dictate. There being a mutual mistake in the description, such mutual mistake justifies the reformation of the description in the purchase agreement, and the judgment of the trial court granting reformation of the description in the purchase agreement and the deed is affirmed.

The only question remaining for us to determine is whether the trial court erred in granting to the plaintiffs $2,300 in damages for loss of business profits resulting from the defendants' insistence on maintaining of record the erroneous description of the property contained in the purchase agreement. The defendants contend that costs were awarded in the specific-performance action, which action involved the conveyance of the same property which is the subject of this suit, and that therefore further damages cannot be allowed the plaintiffs in this action.

As the matters were handled in the trial court, the first action was limited to the question of specific performance. The damages allowed by the trial court were those found to be due because of failure of the defendants as sellers to perform as they had agreed in the purchase agreement. After those damages had been awarded, the defendants continued to delay by insisting on maintaining that the agreement did not include the strip between the restaurant and the public highway, although they admitted that the description in the purchase agreement and in the deed as tendered was incorrect in other respects. The trial court found that the defendants' position could not be supported, and ordered reformation of the description in the purchase agreement and the deed. In the meantime, the plaintiffs had been denied

means of access from the public highway to the place of business which they had purchased from the defendants. The trial court found that the plaintiffs were damaged in the sum of $2,300 by the defendants' actions.

■ While claims for reformation of an instrument and for legal relief are sometimes referred to as separate causes of action, it is generally held that where a court of equity acquires jurisdiction to reform an instrument it has the power to grant full and proper relief to the parties seeking reformation. 45 Am.Jur., "Reformation of Instruments," Sec. 91, p. 640. Accordingly, the plaintiffs could, in a single action, ask for the reformation of the description in the purchase agreement and pray for money damages for delay of the defendants in conveying the property described in the instrument as reformed. French v. State Farmers Mutual Hail Insurance Co., 29 N.D. 426, 151 N.W. 7, L.R.A.1915D, 766.

No error appearing in the record, the judgment appealed from is, in all things, affirmed.

TEIGEN, KNUDSON and ERICKSTAD, JJ., concur.

BURKE, C. J., did not participate.

ON PETITION FOR REHEARING.

STRUTZ, Judge.

The defendants have filed a vigorous petition for rehearing in which they point out that the order of the trial court in the former action, which exempted this action for reformation from being barred on the theory that the first action was res adjudicata, provided that such first action "shall not be construed to render the action for reformation of the description of the real property res adjudicata."

The defendants argue that the exemption applied only to the action then pending for reformation of the description, and did not include damages. Defendants further point out that the trial court in the first action specifically ruled that the plaintiffs were not entitled to damages beyond the time of the tender of the deed with the description of the property as found in the contract which was ordered specifically performed in the first action.

■ The trial court in the first action did not and could not award damages against the defendants for failure to convey the property which plaintiffs contended should have been described in the contract and deed because the court in that action was not determining whether the plaintiffs were entitled to reformation. The trial court in the reformation action, however, could award such damages. As we point out, where a court of equity acquires jurisdiction to reform an instrument, it has the power to grant full and proper relief. Thus, where the amended complaint prays not only for reformation of the description, but for "such other and further relief as may be just in the premises," the court has power to grant full relief. This court has held that a plaintiff in a contested action is entitled not only to the relief for which he prays, but to any relief to which he may be entitled under the evidence, even though he may not have demanded such relief in his pleadings. Holien v. Trydahl (N.D.), 134 N.W.2d 851.

■ We would further point out that defendants filed a counterclaim to the complaint of plaintiffs in the reformation action. In their reply to such counterclaim, the plaintiffs allege and pray for damages, which the court allowed. Thus the pleadings did not demand merely the reformation of the description, but damages as well.

The petition for rehearing is denied.

ERICKSTAD, KNUDSON and TEIGEN, JJ., concur.