# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 280

Continental Resources, Inc.,                                 Plaintiff and Appellant

      v.

North Dakota Department of
Environmental Quality,                                       Defendant and Appellee

### No. 20190087

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Jason B. Hutt (argued) and Kevin M. Voelkel (appeared), Washington, DC, Lawrence Bender (appeared), Bismarck, ND, and Matthew G. Paulson (on brief), Austin, TX, for plaintiff and appellant.

Margaret I. Olson (argued) and Jennifer L. Verleger (appeared), Assistant Attorneys General, Bismarck, ND, for defendant and appellee.

**Jensen, Justice.**

[¶1]   Continental Resources, Inc. ("Continental") appeals from the judgment of the district court dismissing its declaratory judgment action against the North Dakota Department of Environmental Quality ("Department"). The district court dismissed Continental's declaratory judgment action after finding the Environmental Protection Agency was an indispensable party, the district court lacked subject matter jurisdiction, and the matter was not ripe for judicial review. While this appeal was pending, the Department moved to dismiss the appeal as moot. We affirm the judgment dismissing Continental's request for declaratory judgment as not ripe for judicial review.

I

[¶2]   Continental initiated its action for declaratory judgment pursuant to N.D.C.C. ch. 32-23. Continental seeks to eliminate uncertainty it contends is created by the Department's enforcement of N.D. Admin. Code § 33-15-07-02(1). Section 33-15-07-02(1) reads as follows:

> No person may cause or permit the emission of organic compounds, gases and vapors, except from an emergency vapor blowdown system or emergency relief system, unless these gases and vapors are burned by flares, or an equally effective control device as approved by the department.

Continental's action for declaratory judgment requests the district court to find "that if an approved control device is installed and operating at an oil and gas production facility, the mere presence of an emission from a closed tank hatch or control device does not, in and of itself, establish a violation of N.D. Admin. Code § 33-15-07-2(1)."

[¶3]   Section 33-15-07-2(1) prohibits uncontrolled emissions of organic compounds, gases and vapors into the air. The Department's rules require all facilities with the potential to emit organic compounds, gases and vapors into the air to have emission control devices installed unless the facility is exempt

from the requirement by the Department. Continental argues current technology cannot provide complete containment of all organic compounds, gases and vapors. If N.D. Admin. Code § 33-15-07-2(1) is applied to require complete containment of organic compounds, gases and vapors, Continental asserts it would be impossible to meet the standard set by the rule.

[¶4]   The Department has issued Notices of Violation to operators, including Continental, asserting the Department "has reason to believe" Continental has violated N.D. Admin. Code § 33-15-07-2(1). The Notices of Violation also note the notice "is not a final action" and Continental would be notified if "a formal enforcement action" is determined to be appropriate.

[¶5]   Continental contends the Department, after decades of applying N.D. Admin. Code § 33-15-07-2(1) consistent with other Department rules and not requiring complete containment of organic compounds, gases and vapors, has abruptly changed course in its enforcement of N.D. Admin. Code § 33-15-07-2(1) by issuing Notices of Violation upon the observation of any level of organic compounds, gases and vapors leaking into the air.  The Department does not agree with Continental's assertion there has been a change to how N.D. Admin Code § 33-15-07-2(1) is being enforced.

[¶6]   The Department has not taken final administrative action on the Notices of Violation. The lack of final administrative action prevents operators from administratively challenging the Notices of Violation. Continental contends the Department has used the significant potential liability represented by the Notices of Violation as leverage to force operators to acquiesce to settlements. Continental argues a refusal to settle with the objective of forcing the Department to initiate final action on the Notices of Violation would place the operators in an untenable position because the delay would cause a significant potential liability to accumulate.

[¶7]   The Department moved to dismiss Continental's action asserting three arguments: (1) the EPA was an indispensable party; (2) the district court lacked subject matter jurisdiction to hear the case; and (3) Continental's argument was not ripe for judicial review. The district court dismissed

Continental's declaratory judgment action after finding in favor of the Department on all three arguments.

## II

[¶8] The district court dismissed Continental's action, in part, pursuant to N.D.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted after finding the claim was not ripe for judicial review. This Court reviews the dismissal of a complaint for failure to state a claim de novo. *Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161*, 2011 ND 185, ¶ 6, 803 N.W.2d 827. Under Rule 12(b)(6), a complaint should not be dismissed unless it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted. *Moseng v. Frey*, 2012 ND 220, ¶ 5, 822 N.W.2d 464.

[¶9] "[A] necessary prerequisite to a proper declaratory judgment action is that there be a justiciable controversy underlying the declaration sought." *Brandvold*, at ¶ 8. The absence of a justiciable controversy results in a claim which is not ripe for judicial review, is a claim upon which relief cannot be granted, and requires the action to be dismissed. *See Saefke v. Stenehjem*, 2003 ND 202, ¶ 11, 673 N.W.2d 41.

## III

[¶10] Ripeness is a corollary to the exhaustion of administrative remedies. *Medcenter One, Inc. v. North Dakota State Bd. of Pharmacy*, 1997 ND 54, ¶ 10, 561 N.W.2d 634. The exhaustion of administrative remedies is a prerequisite to seeking declaratory relief. *Id.* at ¶ 11. (citing *Tooley v. Alm*, 515 N.W.2d 137 (N.D. 1994)). We noted the following in *Medcenter One*:

> Before someone may sue for declaratory relief, generally, the exhaustion of administrative remedies is required. *E.g., Tooley v. Alm*, 515 N.W.2d 137 (N.D. 1994). The exhaustion requirement serves the dual objectives of preserving agency authority and promoting judicial efficiency. *See* 5 Stein, Mitchell, Mezines, Administrative Law § 49.01 (1997). The doctrine preserves agency authority by recognizing the agency's initial decision making responsibility. *Id*. The requirement for exhaustion is particularly weighty when the agency's decision involves factual issues or

administrative expertise. *See Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289 (N.D. 1995). The exhaustion prerequisite establishes an efficient method for dispute resolution by giving the agency a chance to correct its mistakes before being sued. *Id.* If the agency has an opportunity to correct its own errors, a judicial controversy may be mooted or, at a minimum, piecemeal appeals may be avoided. *See* 5 Stein, Mitchell, Mezines at § 49.01. And, where the dispute is not resolved at the administrative level, the exhaustion of remedies will generally develop a complete record for judicial review, especially in technical or complex factual situations. *See Medical Arts*. These factors recognize a vital role for exhaustion of administrative remedies in the relationship between the executive and the judicial branches of government.

Notwithstanding these institutional justifications, the exhaustion doctrine has several well-recognized exceptions, including when a legal question simply involves statutory interpretation and does not need the exercise of an agency's expertise in making factual decisions. *See generally* 2 Am.Jur.2d Administrative Law at § 511; 5 Stein, Mitchell, Mezines at § 49.02. In *Shark Brothers, Inc. v. Cass County,* 256 N.W.2d 701 (N.D.1977), we explained that application of the exhaustion doctrine depends upon a bundle of considerations, including whether the issues need the expertise of an administrative body, the interpretation of a statute, or the resolution of a pure question of law. *See also Kessler v. Board of Educ. of City of Fessenden,* 87 N.W.2d 743 (N.D.1958) (no requirement for exhaustion of administrative remedies where construction of statute involved pure legal question customarily decided by courts). *Shark Brothers* acknowledges that exhaustion of administrative remedies is not a rigid prerequisite for a statutory interpretation that does not infringe on an agency's factual decisionmaking process.

*Id.* at ¶¶ 11-12.

[¶11] The district court found Continental had not exhausted its administrative remedies. Continental does not contend the Department has taken final administrative action on the Notices of Violation. The Department asserts Continental, although claiming to be seeking declaratory judgment on

4

an unambiguous rule, is actually attempting to change the rule and has not exhausted its administrative remedies by either seeking review and revision of the rule under N.D.C.C. § 23.1-01-04(3), or seeking reconsideration and amendment of the rule under N.D.C.C. § 28-32-16. "[T]he exhaustion of remedies will generally develop a complete record for judicial review, especially in technical or complex factual situations." *Medcenter One*, at ¶ 11. We conclude the district court did not err finding Continental has not exhausted its administrative remedies.

[¶12] Although Continental has not exhausted its administrative remedies, an action for declaratory judgment may still be appropriate if the exhaustion of administrative remedies would be futile or the request involves purely a question of law. *Medcenter One*, at ¶ 12. Relying on our decision in *Medcenter One*, Continental contends its request for declaratory judgment involves a pure question of law, the resolution of which would eliminate the uncertainty created by the Department's enforcement of N.D. Admin. Code § 33-15-07-2(1).

IV

[¶13] In *Medcenter One*, this Court considered whether the failure to exhaust administrative remedies precluded an action for declaratory judgment. *Id.* at ¶ 1. In *Medcenter One*, the declaratory judgment action sought interpretation of the unambiguous language of a statute providing exemptions from the pharmacist-ownership requirements of N.D.C.C. § 43-15-35(5). *Id.* We held "the doctrine of exhaustion of administrative remedies does not require deferring a decision on the interpretation of the unambiguous language of N.D.C.C. § 43-15-35 until after the administrative process has been completed." *Id.* at ¶ 21.

[¶14] This case is distinguishable from the circumstances presented in *Medcenter One*. In *Medcenter One,* we recognized an exception to the exhaustion doctrine when a legal question involves statutory interpretation and does not need the exercise of an agency's expertise in making factual decisions. *Medcenter One*, at ¶ 12. In the present case, Continental argues N.D. Admin. Code § 33-15-07-2(1) doesn't mean what the words clearly express because "technology does not exist and compliance with such a legal standard

5

would be impossible." Continental wants the district court to read ambiguity into the Rule where it doesn't otherwise exist and apply other provisions in the Administrative Code to interpret the rule differently than the express words. The Agency is the appropriate venue to determine if the technology exists to comply under the rule, to determine if the presence of an emission from a closed tank hatch or control device establishes a violation of the rule, and whether other provisions of the Administrative Code addressing "fugitive emissions" include the same emissions addressed in N.D. Admin. Code § 33-15-07-2(1). We agree with the Department and conclude Continental is not seeking a declaratory judgment on an unambiguous rule, but is attempting to change the rule without exhausting its administrative remedies.

[¶15] The requirement to exhaust administrative remedies before seeking declaratory judgment is particularly weighty when the agency's decision involves factual issues or administrative expertise. *Medcenter One*, at ¶ 12. We conclude, where a party seeks to modify an existing statute or agency rule, the "purely legal question" exception to the exhaustion of administrative remedies does not apply.

V

[¶16] We conclude Continental's action for declaratory judgment of the Department's administrative rule is not ripe for judicial review and we affirm the district court's judgment dismissing Continental's action. Having concluded the matter is not ripe for review the remaining arguments and pending motion to dismiss the appeal as moot are unnecessary to our decision.

¶17]   Jon J. Jensen
       Daniel S. El-Dweek, D.J.
       Dale V. Sandstrom, S.J.
       Daniel J. Crothers
       Lisa Fair McEvers

6

[¶18] The Honorable Dale V. Sandstrom, Surrogate Judge, and the Honorable Daniel S. El-Dweek, D.J., sitting in place of VandeWalle, C.J., and Tufte, J., disqualified.