# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 16

Craig L. Hauer,                                                                    Plaintiff and Appellant

   v.

Kurt F. Zerr and Lois J. Zerr,                                        Defendants and Appellees

## No. 20190246

Appeal from the District Court of Emmons County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Lawrence E. King (argued) and Erik J. Edison (on brief), Bismarck, ND, for plaintiff and appellant.

Michael J. Geiermann, Bismarck, ND, for defendants and appellees.

**Jensen, Chief Justice.**

[¶1]   Craig Hauer appeals from a judgment dismissing his complaint seeking reformation of a deed to secure hunting access to property he had conveyed to Kurt Zerr and Lois Zerr.  We conclude the district court correctly dismissed Hauer's complaint seeking reformation of the deed and affirm the judgment of the district court.

I

[¶2]   In 2013, Hauer sold land to the Zerrs.  The parties' contract and deed both include language reflecting the parties' intent to allow Hauer to reserve hunting access to the land.  The reservation within the deed reads as follows:

> The Grantor reserves the right to hunt on any or all the premises with the privilege of ingress and egress thereto (walking only, and not to interfere with growing crops).  These rights are limited to the family and friends only and limited to the first two weeks of the pheasant season.  No fee hunting will be allowed.

[¶3]   Hauer accessed the land to hunt pursuant to the reservation until the Zerrs, believing the reservation to be unenforceable pursuant to N.D.C.C. § 47-05-17, denied Hauer access to the property.  Hauer initiated this action seeking to reform the deed to reflect the parties' intent to allow Hauer access to the property.   The Zerrs moved to dismiss Hauer's complaint pursuant to N.D.R.Civ.P. 12(b)(6), asserting the complaint failed to state a claim upon which relief could be granted because the reservation in the deed impermissibly severed hunting rights from surface rights in violation of N.D.C.C. § 47-05-17.

[¶4]   After determining the reservation in the deed severed the hunting rights from the surface rights, the district court found N.D.C.C. § 47-05-17 prohibited the reservation.  The district court further found the deed unambiguously reflected the parties' intent and, because the deed reflected the parties' intent, Hauer's request for reformation of the deed was not available as a remedy.  The

district also found rescission to be the only remedy available on Hauer's claim for fraud and, because Hauer only sought reformation of the deed, Hauer could not prevail on his claim for fraud. The district court thereafter granted the Zerrs' motion to dismiss pursuant to N.D.R.Civ.P. 12(b)(6) and entered a judgment dismissing Hauer's complaint.

[¶5]   Hauer argues the deed is subject to reformation because, as the result of a mutual mistake of law, it does not reflect the parties' true intentions. Hauer also asserts the district court erred in finding the available remedy for his claim of fraud was limited to rescission.

## II

[¶6]   We review the dismissal of a complaint pursuant to N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted de novo. *Cont'l Res., Inc. v. N.D. Dep't of Envtl. Quality*, 2019 ND 280, ¶ 8, 935 N.W.2d 780. "Under Rule 12(b)(6), a complaint should not be dismissed unless it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted." *Id.*

## III

[¶7]   The district court found the reservation in the deed severed hunting rights from the surface rights in violation of N.D.C.C. § 47-05-17. Section 47-05-17 reads as follows:

> **47-05-17. Severance of the right of access for hunting access prohibited**. The right of access to land to shoot, shoot at, pursue, take, attempt to take, or kill any game animals or game birds; search for or attempt to locate or flush any game animals and game birds; lure, call, or attempt to attract game animals or game birds; hide for the purpose of taking or attempting to take game animals or game birds; and walk, crawl, or advance toward wildlife while possessing implements or equipment useful in the taking of game animals or game birds may not be severed from the surface estate. This section does not apply to deeds, instruments, or interests in property recorded before August 1, 2007.

2

The deed expressly provides Hauer "reserves the right to hunt on any or all the premises with the privilege of ingress and egress thereto (walking only, and not to interfere with growing crops)." Although the reservation also includes limitations regarding when access is allowed and who is allowed access, the reservation is a severance of hunting rights prohibited by N.D.C.C. § 47-05-17. The district court correctly determined the reservation was a prohibited severance.

IV

[¶8]   Having determined the reservation was prohibited by N.D.C.C. § 47-05-17 the district court considered Hauer's reformation claim. Section 32-04-17, N.D.C.C., provides statutory authority for reformation:

> When, through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.

[¶9]   We have previously rejected "the old rule" that a mistake of law, as opposed to a mistake of fact, is not grounds for the remedy of reformation. *Hovden v. Lind*, 301 N.W.2d 374, 378-79 (N.D. 1981). In rejecting the "old rule" we noted the following: "That distinction is not recognized in North Dakota, and when either type of mistake [law or fact] results in the parties' obvious failure to articulate their true and discoverable intent, reformation is available if justice and common sense require it." *Id*. at 379 (citing N.D.C.C. §§ 9-03-12, 32-04-17, 32-04-19; *Cokins v. Frandsen*, 141 N.W.2d 796, 799 (N.D.1966)). Although we recognize mutual mistakes of law as providing support for the remedy of reformation, "[n]ot all mistakes of law will justify reformation of a contract." *Id*. at n.2. We distinguish ignorance of the law from misapprehension of a law with which both parties are familiar, and extend the remedy of reformation only to misapprehension of the law with which both parties are familiar. *Id*.

[¶10] As noted above, we review the dismissal of the complaint de novo. *Cont'l Res., Inc.*, 2019 ND 280, ¶ 8, 935 N.W.2d 780. We are tasked with determining whether the pleadings disclosed with certainty the impossibility of proving a claim upon which relief can be granted. *Id.*

[¶11] Hauer's complaint alleges the parties intended to "reserve to Hauer hunting access to the property." The complaint also alleges "[a]t the time of contracting, Hauer and the Zerrs believed the language contained in the deed would be binding on both parties and would memorialize their agreement." The allegations of the complaint assert a mutual mistake of law as the result of the severance of hunting rights from surface rights contrary to N.D.C.C. § 47-05-17.

[¶12] Given the assertion of a mutual mistake of the law, we must consider whether the pleadings disclose with certainty the parties' mistake of law was the result of ignorance of the law for which the remedy of reformation is not available, or if the pleadings disclose a misapprehension of the law for which the remedy of reformation is available. Our prior decision in *Hovden*, provides guidance in distinguishing between mistakes of law as a result of ignorance of the law and mistakes of law arising from a misapprehension of the law. 301 N.W.2d 374. In *Hovden*, both parties were aware of the requirements of N.D.C.C. § 47-10-25 relating to the reservation of minerals. *Id.* at n.2. In drafting the document at issue in *Hovden*, a mistake was made in complying with N.D.C.C. § 47-10-25. *Id.* We concluded "[w]here parties aware of the law fail merely in a conscientious attempt to comply with it, their intent can be deduced and used to reconstruct an effective agreement." *Id.*

[¶13] Hauer's complaint does not assert the parties were familiar with N.D.C.C. § 47-05-17 and attempted to comply with it but misapprehended its application. To the contrary, the complaint alleges the parties agreed to a reservation in a manner that severed hunting rights from the surface rights, included the reservation within the deed, and believed the language in the deed was binding. Hauer argues the parties did not intend an unlawful severance, and could have accomplished their intent to allow hunting access through the

use of a lease. While there may be lawful ways to allow access to property without violating N.D.C.C. § 47-05-17, the complaint clearly alleges a mistake of law in the context of ignorance of the law, not a misapprehension of the law. We can conclude with certainty the complaint alleges a mistake of law arising from an ignorance of the law for which the remedy of reformation is not available as a matter of law. The district court properly dismissed Hauer's claim for reformation.

VI

[¶14] Hauer also challenges the district court's finding that his allegation of fraud was limited to the remedy of rescission and, because the complaint only sought reformation, the allegation of fraud could be dismissed as a matter of law. Hauer has not requested we remand this action to the district court to allow him to seek rescission as a remedy and, on appeal, he has pursued only the remedy of reformation.

[¶15] "Fraud may be a ground for reformation of a written contract when a party is misled or deceived into signing a written contract that differs from the parties' prior oral agreement." *Heart River Partners v. Goetzfried*, 2005 ND 149, ¶ 24, 703 N.W.2d 330. In contrast, fraud perpetrated to induce a party to execute the agreement itself is not a ground for its reformation but is a ground for its rescission. *Id.* at ¶ 21. A complaint that alleges fraud in the inducement and seeks reformation, rather than rescission, is not a claim upon which relief can be granted and must be dismissed as a matter of law. *Id.* at ¶ 27 (granting summary judgment).

[¶16] The complaint does not allege fraud in execution because it does not allege the deed in any manner differed from the parties' agreement. To the contrary, the complaint asserts the agreement between the parties was to reserve hunting access and both parties believed that the reservation would memorialize their agreement. The complaint alleges that the Zerrs made a promise "without any intention of performing it" and the Zerrs misled Hauer. We conclude with certainty the complaint alleges fraud in the inducement, the only remedy for which is rescission. Dismissal of Hauer's claim for fraud in the inducement that sought only the remedy of reformation was appropriate.

5

[¶17] A mistake of law arising out of ignorance of the law rather than a misapprehension of the law does not support the remedy of reformation. A claim alleging fraud in the inducement does not support the remedy of reformation. We affirm the judgment of the district court.

[¶18] Jon J. Jensen
     Lisa Fair McEvers
     Jerod E. Tufte

     I concur in the result.
     Gerald W. VandeWalle, C.J.
     Daniel J. Crothers