# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 139

| | |
|---|---|
| Timothy S. Dwyer, a/k/a Tim Dwyer, Jr., | Plaintiff, Appellant, and Cross-Appellee |
| v. | |
| Margret Sell, Co-Trustee of the Tim Dwyer Farm Trust; John Dwyer, Co-Trustee of the Tim Dwyer Farm Trust; Jane Dwyer Morgan; Barbara Dwyer Rice; Peggy Dwyer Sell a/k/a Margret Sell; John W. Dwyer a/k/a John Dwyer, | Defendants, Appellees, and Cross-Appellants |
| and | |
| Patrick Sell; Johnny Dwyer; Molly Binger; Olin Sell; Dana Dwyer; Ingrid Kalinowski a/k/a Ingrid A. Sell; Andy Dwyer; Jack Dwyer; Rachel Meuchel; Dan Dwyer; Tommy Dwyer; Joey Dwyer; Sadie Bro, | Defendants and Appellees |
| and | |
| Ruth Dwyer Coleman; Michael A. Dwyer; Sarah Grossman; Johnny Coleman; Sam Coleman; Josh Dwyer; Katie Montplaisir; Anne Dwyer; Billy Morgan; Katie Joraanstad; Mike Morgan; Judah Coleman; Beky Olson; Will Rice; Janna Schmidt; Paul Rice; Charles Coleman; David Morgan; Taylor Dwyer; Tessa Dwyer; Teddi Dwyer; Tianna Dwyer, | Defendants |

### No. 20200188

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Dwight C. Eiken, Williston, ND, and Seymour R. Jordan, Crosby, ND, for plaintiff, appellant, and cross-appellee.

Craig E. Johnson, Fargo, ND, for defendants, appellees, and cross-appellants Margret Sell and John Dwyer, as Co-Trustees of the Tim Dwyer Farm Trust, and Peggy Dwyer Sell, a/k/a Margret Sell, and John W. Dwyer, a/k/a John Dwyer, individually.

James A. Lodoen, Minneapolis, MN, for defendants, appellees, and cross-appellants Jane Dwyer Morgan and Barbara Dwyer Rice.

Joseph M. Barnett and Klay C. Ahrens, Edina, MN, for defendants and appellees Patrick Sell, Johnny Dwyer, Molly Binger, Olin Sell, and Dana Dwyer.

Sean T. Foss, Fargo, ND, for defendants and appellees Andy Dwyer, Jack Dwyer, Rachel Meuchel, Dan Dwyer, Tommy Dwyer, and Joey Dwyer.

Ingrid Kalinowski a/k/a Ingrid A. Sell, Alexandria, VA, self-represented, defendant and appellee.

Sadie Bro, Bismarck, ND, self-represented, defendant and appellee.

**Crothers, Justice.**

[¶1] Tim Dwyer Jr. appeals from an amended judgment deciding his claims against Margaret Sell and John Dwyer as co-trustees of the Tim Dwyer Farm Trust. The co-trustees and Jane Dwyer Morgan and Barbara Dwyer Rice, as beneficiaries of the Trust, cross-appeal from the amended judgment. The district court concluded the co-trustees have broad discretion to sell Trust property, any sale of Trust property must be under a contract for deed with no option for prepayment and a reservation of a right to access Trust property for hunting was prohibited. We affirm.

I

[¶2] Tim Dwyer Sr. owned more than 7,000 acres of real property in McKenzie County. In December 2004, Dwyer Sr. established the Tim Dwyer Farm Trust and conveyed the property to the Trust. Dwyer Sr. named Margaret Sell and John Dwyer as co-trustees of the Trust. Dwyer Sr.'s son, Tim Dwyer Jr., had a continuing right to lease the farm and ranch land from the Trust as long as the Trust owned the property. Dwyer Jr. also had a first right to purchase Trust property if the co-trustees decided to sell the property. Dwyer Sr. died in January 2005.

[¶3] In October 2018, the co-trustees believed a sale of Trust property was in the beneficiaries' best interests. The co-trustees informed Dwyer Jr. of their decision and acknowledged his first right to purchase. After informing Dwyer Jr. of their decision, issues arose over the co-trustees' authority to sell Trust property, the financing of a potential sale, and whether rights for hunting and outdoor recreation could be reserved.

[¶4] Dwyer Jr. sued the co-trustees, seeking declaratory relief relating to certain terms of the Trust agreement. The complaint requested the district court to interpret the Trust agreement and settle the parties' dispute. Dwyer Jr. requested the court to declare: (1) the co-trustees are obligated to first offer for sale all of the Trust property to Dwyer Jr., and he then has the right to

purchase all or any part of the property; (2) the co-trustees cannot withdraw Trust property from a possible sale to Dwyer Jr. after appraisals have been completed; (3) a contract for deed for the sale of Trust property will not prohibit prepayment of principal and interest; and (4) any sale of Trust property will include a reserved right of access for Trust beneficiaries for purposes of hunting, hiking and other outdoor recreational activity.

[¶5] Dwyer Jr. and the co-trustees moved for summary judgment. After a hearing, the district court concluded the Trust agreement was unambiguous and granted partial summary judgment in the co-trustees' favor. The court concluded the Trust agreement grants the co-trustees broad discretion to sell none, some or all of the Trust property as they deem to be in the beneficiaries' best interests. The court concluded the co-trustees may withdraw Trust property from a proposed sale if the property appraisals are not satisfactory. The court concluded Dwyer Jr. must purchase Trust property under a 15-year contract for deed with annual principal payments, 4.5 percent interest and no prepayment option. The court also concluded N.D.C.C. § 47-05-17 prohibits the co-trustees from reserving a right to access Trust property for hunting.

II

[¶6] This Court's standard of review for summary judgments is well established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the

2

moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Krebsbach v. Trinity Hosps., Inc.*, 2020 ND 24, ¶ 7, 938 N.W.2d 133 (quoting *Pennington v. Cont'l Res., Inc.*, 2019 ND 228, ¶ 6, 932 N.W.2d 897).

### III

[¶7]   Dwyer Jr. claims the district court erred in its interpretation of the Trust agreement.

[¶8]   This Court's primary objective in construing a trust agreement is to ascertain the settlor's intent. *Tr. of Roger S. Linn Restated Tr. Agreement*, 2019 ND 58, ¶ 10, 923 N.W.2d 815. When a trust agreement is unambiguous, the settlor's intent is ascertained from the language of the agreement itself. *Id.* "An ambiguity exists when rational arguments can be made in support of contrary positions as to the meaning of the term, phrase, or clause in question." *Id.* Whether a trust agreement is ambiguous is a question of law, fully reviewable on appeal. *Id.*

[¶9]   General rules of interpretation of written instruments apply to the construction of trust documents. *Tr. of Roger S. Linn Restated Tr. Agreement*, 2019 ND 58, ¶ 11. The parties' intent is ascertained from the writing alone if possible. N.D.C.C. § 9-07-04. "The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." N.D.C.C. § 9-07-02. If a contract is ambiguous, extrinsic evidence may be considered to determine the parties' intent, which becomes a question of fact. *Hallin v. Inland Oil & Gas Corp.*, 2017 ND 254, ¶ 9, 903 N.W.2d 61.

### A

[¶10] Dwyer Jr. contends the co-trustees have limited authority relating to the sale of Trust property. He argues they must first offer him all of the property, they do not have the discretion to choose which property to sell and they cannot withdraw property from a potential sale after the property is appraised.

[¶11] Article VII of the Trust agreement, relating to the sale of Trust property, states in part:

> "I hereby authorize my Co-Trustees to purchase, sell or otherwise encumber the land, if in their sole discretion to do so, is necessary for the payment of debts or taxes and also, if the Co-Trustees believe to do so is in the best interest of the beneficiaries of this Trust.
>
> "My Co-Trustees are directed that in the event that this land is to be sold, TIM DWYER, JR., shall have the right to purchase all or any part of the land provided that the purchase price shall be determined upon the appraisal of two qualified appraisers as selected by the Co-Trustees and the proposed purchaser with the average of the two appraisals being the sale price. If TIM DWYER, JR., agrees to purchase the land, he shall do so on a Contract for Deed extending for a period of 15 years at an interest rate of 4½ percent. The Contract for Deed entered for this property shall require equal annual installments of interest and [principal]. In the event that my son, Tim Dwyer, Jr., fails to exercise this first right to purchase, then any other child of mine shall have the right to purchase all or any part of the property based upon the same valuation."

[¶12] The district court concluded:

> "[T]he co-trustees have been granted flexibility in their ability to buy and sell trust property for the sole benefit of the beneficiaries. The terms of the trust give Tim Jr. the same flexibility by allowing him to pick and choose which parcels, if any, to purchase when and if offered for sale. Therefore, the co-trustees are given broad discretion to sell none, some, or all of the land at a time [they] deem in the best interests of the beneficiaries."

[¶13] We agree with the district court. The plain language of the Trust agreement grants the co-trustees broad discretion to sell Trust property. They may sell property to pay the Trust's debts and taxes, or if they believe a sale is in the beneficiaries' best interests. *See* N.D.C.C. § 59-16-02(1) (stating "[a] trustee shall administer the trust solely in the interests of the beneficiaries"). The Trust agreement also provides "that in the event that this land is to be sold, [Tim Dwyer Jr.] shall have the right to purchase all or any part of the

4

land" at a purchase price determined by the average of two appraisals. This phrase limits the co-trustees' broad power to sell Trust property. If they decide to sell Trust property, they must first offer the property to Dwyer Jr., who then has authority to purchase all, some or none of the property offered for sale. This phrase does not limit the co-trustees' or Dwyer Jr.'s authority to withdraw Trust property or decline to purchase Trust property if either party is dissatisfied with the purchase price as determined by the appraisals. The court did not err in concluding the co-trustees have broad discretion to sell Trust property if they believe a sale is in the best interests of the beneficiaries.

B

[¶14] Dwyer Jr. argues the Trust agreement does not prohibit prepayment of a contract for deed for the purchase of Trust property.

[¶15] The Trust agreement states, "If [Tim Dwyer Jr.] agrees to purchase the land, he shall do so on a Contract for Deed extending for a period of 15 years at an interest rate of 4½ percent. The Contract for Deed entered for this property shall require equal annual installments of interest and [principal]."

[¶16] The contract for deed terms expressed in the Trust agreement are explicit and unambiguous. Under the Trust agreement, Dwyer Sr. specified certain terms by which Trust property would be sold. He intended a sale of the property to be financed by the Trust for fifteen years at an interest rate of 4.5 percent. Dwyer Jr. claims prepayment of the contract for deed is allowed because the Trust agreement does not expressly prohibit prepayment. Although the Trust agreement does not expressly prohibit prepayment, the agreement plainly states the contract for deed "shall require equal annual installments of interest and [principal]." The requirement of fifteen equal annual installments of principal and interest implies if not directs that no prepayment of the contract is permitted. *See Goetz v. Hubbell*, 266 N.W. 836, 840 (N.D. 1936) ("We do not make a contract for the parties. We declare what the contract is."). The district court did not err in concluding the Trust agreement does not allow prepayment of the contract for deed for the sale of Trust property.

[¶17] Dwyer Jr., the co-trustees and certain beneficiaries assert the district court erred in concluding N.D.C.C. § 47-05-17 prohibits the reservation of the right to access Trust property for hunting.

[¶18] Article IX of the Trust agreement, relating to hunting, hiking and outdoor recreation on Trust property, provides in part:

> "[M]y Co-Trustees and any successor Co-Trustee as well as any person receiving a conveyance from this Trust shall reserve unto all of my descendants the right to have access to the subject property pursuant to guidelines established by the Co-Trustees of this Trust and the owner or tenant of the property for purposes of hunting, hiking and other outdoor recreational activity."

[¶19] The district court concluded N.D.C.C. § 47-05-17 prohibited the reservation of hunting rights on Trust property. When the court decided this case, N.D.C.C. § 47-05-17[1] stated:

> "The right of access to land to shoot, shoot at, pursue, take, attempt to take, or kill any game animals or game birds; search for or attempt to locate or flush any game animals and game birds; lure, call, or attempt to attract game animals or game birds; hide for the purpose of taking or attempting to take game animals or game birds; and walk, crawl, or advance toward wildlife while possessing implements or equipment useful in the taking of game animals or game birds may not be severed from the surface estate. This section does not apply to deeds, instruments, or interests in property recorded before August 1, 2007."

Because no documents relating to Trust property, including the Trust agreement, were recorded before August 1, 2007, the court concluded N.D.C.C. § 47-05-17 prohibited the reservation of the right to access Trust property for

---

[1] While this appeal was pending, the legislature amended N.D.C.C. § 47-05-17 by excluding from the statute "deeds, instruments, or interests in property recorded or executed before August 1, 2007." 2021 N.D. Sess. Laws ch. 333, § 1. Even with the amended language, our decision and analysis remains the same.

hunting. The court also concluded "reservation of other outdoor activities is permitted and must be reserved by the co-trustees when making any conveyance."

[¶20] In *Hauer v. Zerr*, 2020 ND 16, ¶ 2, 937 N.W.2d 508, we construed a 2013 deed with a reservation clause stating, "The Grantor reserves the right to hunt on any or all the premises with the privilege of ingress and egress thereto." We concluded "the reservation [was] a severance of hunting rights prohibited by N.D.C.C. § 47-05-17." *Id.* at ¶ 7.

[¶21] Here, the Trust agreement directs the co-trustees to "reserve . . . the right to have access to [Trust] property . . . for purposes of hunting." Section 47-05-17, N.D.C.C., states "[t]he right of access to land to [hunt] game animals or game birds may not be severed from the surface estate," unless the deed or other instrument severing a right of access for hunting was recorded before August 1, 2007.

[¶22] Regardless of whether the Trust agreement was recorded, N.D.C.C. § 47-05-17 prohibits the co-trustees from reserving a right to access Trust property for hunting under Article IX because the Trust agreement is not a severance or conveyance from the Trust. Article IX instructs the co-trustees to reserve a right of access to Trust property for hunting if Trust property is conveyed. Unlike *Hauer*, which involved a deed and a transfer of property, no title to Trust property has been transferred from the Trust. *See* N.D.C.C. § 47-09-01 (defining "transfer" as "an act of the parties or of the law by which the title to property is conveyed from one living person to another"). When Dwyer Sr. transferred his real property to the Trust in December 2004, he did not reserve unto his descendants a right of access to the property for hunting. Because the Trust agreement only instructs the co-trustees on how to handle future conveyances of Trust property, any conveyance of Trust property and contemporaneous reservation of hunting rights will occur after August 1, 2007, and would be prohibited by N.D.C.C. § 47-05-17 or governed by the statute in effect at the time the conveyance is made.

[¶23] The district court correctly concluded a conveyance of Trust property reserving a right to access the property for hunting was prohibited by N.D.C.C. § 47-05-17.

V

[¶24] We have considered the parties' remaining arguments and conclude they are either without merit or unnecessary to our decision. The amended judgment is affirmed.

[¶25] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte