# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 186

Keith Kvande,                                         Plaintiff and Appellee

     v.

Dennis Thorson,                                  Defendant and Appellant

## No. 20190356

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Charles L. Neff, Williston, ND, for plaintiff and appellee.

Thomas E. Kalil, Williston, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Dennis Thorson appeals from a judgment ordering him to remove a building from Keith Kvande's property. Thorson argues laches and equitable estoppel apply and prevent Thorson's removal from the property. We conclude the district court did not err by finding laches and equitable estoppel do not apply and do not preclude the court from ordering the removal of the building from Kvande's property. We affirm.

I

[¶2]   Kvande owns real property described as Lot 3 in Block 1 of the School Addition to the City of Wheelock, Williams County, North Dakota. In 2012, Thorson purchased a building located in Epping, North Dakota. Kvande and Thorson had multiple discussions about moving the building to Kvande's property. Thorson claimed they discussed moving the building onto Kvande's property permanently, but Kvande claimed they only discussed moving the building onto his property for temporary storage. The parties did not have a written agreement about the property or the building.

[¶3]   In fall 2012, Thorson had a concrete foundation poured for the building on Kvande's property and moved the building onto the foundation. Thorson hooked the building up to sewer, water, and electrical service, and he began living in the building. Thorson did not pay Kvande rent or purchase the property.

[¶4]   In May 2015 or 2016, Kvande demanded Thorson vacate the property, but Thorson did not leave. Kvande then attempted to evict Thorson from the property.

[¶5]   In September 2017, Kvande sued Thorson, requesting the district court order Thorson to remove the building from the property and return the property to its prior state or award him the cost of having the building removed and the property restored. Kvande alleged Thorson placed the building and the

foundation on his property without his permission. Thorson answered and counterclaimed for breach of contract and asserted Kvande's claims were barred by laches, estoppel, statute of frauds, waiver, or failure of consideration.

[¶6]   After a bench trial, the district court found the parties did not have a written agreement related to the property and the building, there was no evidence the parties ever reached an agreement on the sale price of the property, and there was not an enforceable oral contract for the sale of the property to Thorson. The court found promissory estoppel does not apply because there was no enforceable agreement and promissory estoppel requires a promise or agreement with clear and definite essential terms. The court found the doctrine of equitable estoppel also cannot be used to create an enforceable agreement, and therefore does not apply. The court found laches does not apply because Thorson failed to prove he was prejudiced by Kvande's delay in bringing the action.

[¶7]   The district court ordered Thorson to remove or demolish the building and the foundation and to restore the ground to its original grade within 120 days from the date of entry of the judgment. The court further ordered that if Thorson failed to remove or demolish the building within the 120-day period, the building would be deemed a fixture on the property and would belong to Kvande. Judgment was entered.

[¶8]   Thorson moved for a stay of execution of the judgment. The district court granted Thorson's motion.

II

[¶9]   In an appeal from a bench trial, this Court reviews the district court's findings of fact under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. *Larson v. Tonneson*, 2019 ND 230, ¶ 10, 933 N.W.2d 84. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if after reviewing all of the evidence, we are convinced a mistake has been made. *Id.* The court's findings are presumptively correct, and we will not second-guess the court's credibility determinations. *Id.*

2

# III

[¶10] Thorson argues the district court erred by finding laches does not apply and by finding he was not prejudiced by Kvande's delay in bringing suit. Thorson contends evidence established there was a four-year delay from the foundation being dug for the building and Kvande demanding he leave the property, and he was prejudiced by the delay in Kvande enforcing his rights. Thorson claims he made improvements to the building and spent substantial sums of money during that time.

[¶11] Laches is an affirmative defense arising out of equity. *Black Stone Minerals Co., L.P. v. Brokaw*, 2017 ND 110, ¶ 16, 893 N.W.2d 498. "Laches is a delay or lapse of time in commencing an action that works a disadvantage or prejudice to the adverse party because of a change in conditions during the delay." *Stenehjem ex rel. State v. Nat'l Audubon Soc'y, Inc.*, 2014 ND 71, ¶ 12, 844 N.W.2d 892 (quoting *Johnson v. State*, 2006 ND 122, ¶ 8, 714 N.W.2d 832). Laches does not arise from the delay of time alone; rather, it is the delay in enforcing a person's rights that disadvantages another. *Stenehjem*, at ¶ 12.

[¶12] "The party against whom laches is sought to be invoked must be actually or presumptively aware of his rights and must fail to assert them against a party who in good faith permitted his position to become so changed that he could not be restored to his former state." *Stenehjem*, 2014 ND 71, ¶ 12 (quoting *Bakken v. Duchscher*, 2013 ND 33, ¶ 19, 827 N.W.2d 17). The party asserting laches has the burden of proving he was so prejudiced during the delay that he cannot be restored to the status quo. *Stenehjem*, at ¶ 12. Whether laches bars a claim is a fact intensive inquiry and depends on the facts and circumstances of the case. *Id.* at ¶ 13. Laches is generally a question of fact. *Siana Oil & Gas Co., L.L.C. v. Dublin Co.*, 2018 ND 164, ¶ 24, 915 N.W.2d 134.

[¶13] The district court found laches does not apply because Thorson's circumstances have remained unchanged since the fall of 2012, and therefore, Thorson was unable to prove any prejudice due to Kvande's delay in bringing suit. The court found, "Thorson suffered no prejudice from Kvande bringing this action in 2017 instead of 2013."

[¶14] Thorson argues the district court erred by finding there was no evidence of prejudice because there was evidence he spent $10,000 to move the building and install a concrete foundation. He contends Kvande could have stopped him and Kvande's failure to assert his rights caused Thorson considerable expense.

[¶15] Evidence established Thorson completed excavation for the foundation, had the foundation poured, and installed a power pole on the property, before the building was moved onto the property. Thorson testified the foundation was in place when he moved the building to Kvande's property in fall 2012. Thorson testified he hooked the building up to the septic system that was already on the property, the building was not hooked up to the city or rural water, and he put a pole in for electrical and MDU put a meter on the pole. Evidence also established Kvande was aware of work Thorson was completing on the property before the building was moved onto the property. Evidence established the work on the property occurred in 2012 around the time the building was moved onto the property, and Thorson did not present any evidence of improvements made or costs incurred after the building was placed on the property. There was no evidence about any improvements to the property after Thorson moved the building onto the foundation. Thorson failed to allege or prove any prejudice occurred by the delay between the building being placed on the property and the lawsuit being filed.

[¶16] In regard to Thorson's argument of the prejudice caused by Kvande's failure to stop the process of installing the foundation and moving the building, Thorson misconstrues the requirements of laches. Whatever sums Thorson expended on any improvements to the land could have been ascertained, and therefore he could have been compensated and restored to his former status. *See Strom v. Giske,* 68 N.W.2d 838, 847 (holding the defense of laches cannot be sustained when a party can be restored to his former status). Thorson has not argued on appeal that he is entitled to money damages, rather he argues that he should not be removed from the property.

[¶17] Laches is an equitable defense. Evidence established Kvande and Thorson did not have an agreement to convey the property to Thorson. Thus, a successful laches claim would divest Kvande of his interest in the property.

4

We are not aware of any precedent allowing a party's claim to convert laches into an offensive weapon capable of divesting an owner of property interests through inaction. *Cf. Black Stone Minerals*, 2017 ND 110, ¶ 16 (stating the Court was not aware of any precedent that would allow the party's claim to convert laches into an offense weapon capable of divesting a surface owner of mineral interests through inaction).

[¶18] The evidence supports the district court's finding that Thorson did not prove he was prejudiced by Kvande's delay in bringing an action. We conclude the court did not err in finding laches does not preclude Kvande's claim.

IV

[¶19] Thorson argues equitable estoppel applies and prevents Kvande from denying the existence of an agreement. He contends there was an enforceable agreement to allow him to permanently live on the property.

[¶20] Estoppel is generally a question of fact. *Blume Constr., Inc. v. State ex rel. Job Serv. N.D.*, 2015 ND 285, ¶ 32, 872 N.W.2d 312. This Court has said the purpose of equitable estoppel is to preserve rights already acquired and not to create new rights. *Lohse v. Atl. Richfield Co.*, 389 N.W.2d 352, 357-58 (N.D. 1986). "[E]quitable estoppel does not by itself give rise to a cause of action, and it cannot be used to create an enforceable agreement between the parties." *Hayden v. Medcenter One, Inc.*, 2013 ND 46, ¶ 27, 828 N.W.2d 775.

[¶21] Although Thorson claims there was an agreement, he testified they did not agree on the essential terms. He testified he did not pay Kvande anything for his use of the property during the years he has been living there, he did not pay the property taxes, and they did not agree on a purchase price. The district court found there was no agreement, and the evidence supports that finding. Because there was no evidence of an agreement, the court did not err in finding equitable estoppel does not apply.

[¶22] To the extent Thorson argues the district court erred in finding promissory estoppel does not apply, this Court has said promissory estoppel requires the promise to be "clear, definite, and unambiguous as to essential

5

terms before the doctrine of promissory estoppel may be invoked to enforce an agreement . . . ." *Valentina Williston, LLC v. Gadeco, LLC*, 2016 ND 84, ¶ 25, 878 N.W.2d 397 (quoting *Univ. Hotel Dev. v. Dusterhoft Oil, Inc.*, 2006 ND 121, ¶ 11, 715 N.W.2d 153). Thorson and Kvande never agreed to a purchase price of the property or a rental payment. The parties did not agree to the essential terms, and therefore the alleged agreement cannot be enforced under promissory estoppel.

[¶23] We conclude the district court did not err in finding equitable estoppel and promissory estoppel do not apply.

## V

[¶24] Thorson requests this Court order the district court to reset its 120-day order for removal of the building from the property. He states the deadline is presently stayed until this Court rules on the matter, but he claims the deadline will have already passed if this Court affirms the judgment. We decline to grant his request.

## VI

[¶25] We affirm the judgment.

[¶26] Lisa Fair McEvers
    Daniel J. Crothers
    Jerod E. Tufte
    Gerald W. VandeWalle
    Jon J. Jensen, C.J.

6