FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MAY 12, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 92

In the Matter of the Rose Henderson Peterson Mineral Trust dated March 26, 1987

| | |
|---|---|
| Lyle M. Henderson, Clifford Henderson, Herbert Henderson, Emmalee McKenzie, and Dixie J. Henderson, | Petitioners and Appellees |
| v. | |
| Dennis Henderson and James Henderson, individually and as co-trustees of the Rose Henderson Peterson Mineral Trust, | Respondents and Appellants |
| and | |
| Donna Foreman, Patsy Gabbert, Kimber Henderson, Larry Henderson, Lyleen Henderson, and Penny Pitman, | Interested Parties |

## No. 20210258

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

REMANDED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen and Justices VandeWalle, Crothers, McEvers and Tufte joined. Justice Tufte filed an opinion concurring specially in which Chief Justice Jensen and Justice VandeWalle joined.

Michael T. Andrews, Fargo, ND, for petitioners and appellees.

Tyler J. Malm (argued), and David J. Smith (on brief), Bismarck, ND, for respondents and appellants.

**McEvers, Justice.**

[¶1] Dennis Henderson and James Henderson, individually and as co-trustees of the Rose Henderson Peterson Mineral Trust (together the "Trustees") appeal from a judgment entered after the district court determined they paid themselves an unreasonable amount of compensation from the Trust for their duties as trustees. The court ordered the Trustees return a portion of the compensation and that all parties' attorney fees be paid with Trust funds. We hold the questions presented in this case are not barred by the law of the case doctrine or res judicata. We also hold additional findings are required concerning application of an exculpatory provision in the Trust as well as the issue of whether the doctrine of laches applies. We retain jurisdiction and remand for additional findings under N.D.R.App.P. 35(a)(3)(B).

I

[¶2] The Trust is a testamentary trust. The settlor was Rose Henderson Peterson. She died in 1995. The Trust property consists of roughly 1,000 mineral acres in McKenzie County. Rose Henderson Peterson's thirteen grandchildren are the beneficiaries. Five of the beneficiaries are the Petitioners. The two Trustees are also beneficiaries. The terms of the Trust generally require income to be distributed to the beneficiaries and not held in trust.

[¶3] The Trust contains a provision allowing the Trustees "reasonable compensation, if demanded." Between September 2011 and March 2012, the Trustees paid themselves compensation based on 8% of the Trust income. They decreased their rate to 5% in 2012. In the years 2011 through 2013, the Trustees were compensated $46,878, $74,601, and $61,177, respectively. In 2012, one of the beneficiaries, Lyle "Rocky" Henderson, filed a petition requesting, among other relief, return of the Trustees' compensation. In 2013, the district court denied the petition concluding the Trustees' compensation

1

was reasonable "under the circumstances." The judge who issued the order has retired.

[¶4] The Trustees have continued to compensate themselves based on 5% of the Trust income. In the years 2014 through 2019, the Trustees were compensated $307,547, $246,241, $110,290, $101,822, $198,856, and $131,971, respectively. The Petitioners filed the present petition in 2019. They alleged the Trustees breached fiduciary duties by paying themselves an unreasonable amount of compensation. They requested an inventory, accounting, repayment of compensation, removal of the trustees, and attorney fees.

[¶5] After an evidentiary hearing, the district court entered an order determining the Trustees breached their fiduciary duty. The court found five hours per month is "the amount a reasonable trustee would devote to administering this Trust." The court determined the compensation the Trustees received—"over one million dollars for their work as trustees in six years" was "an outrageous amount." But the court determined the breach did not require removal of the Trustees. The court held 2% of Trust income was a reasonable amount, and it ordered the Trustees to return amounts they accepted over 2% from 2014 to present. The court also ordered all parties' attorney fees to be paid from Trust funds.

[¶6] The Trustees appeal. They claim the district court erred when it did not apply, as law of the case, the 2013 order that set 5% as reasonable compensation. The Trustees also contend an exculpatory provision in the Trust relieves them from liability, and even if it did not, the doctrine of laches bars the Petitioners' claims.

II

[¶7] As a threshold matter, the Petitioners argue the Trustees waived their right to appeal by paying the parties' attorney fees from Trust funds.

[¶8] A party who voluntarily satisfies a judgment generally waives his or her right to appeal from the judgment. *Mr. G's Turtle Mountain Lodge, Inc. v. Roland Twp.*, 2002 ND 140, ¶ 9, 651 N.W.2d 625; *see also Lyon v. Ford Motor*

*Co.*, 2000 ND 12, ¶ 7, 604 N.W.2d 453. "Because a satisfaction of judgment extinguishes the claim, the controversy is deemed ended, leaving the appellate court with nothing to review." *Lyon*, at ¶ 10. *See also* N.D.C.C. § 28-05-10 (a civil action remains pending until final determination on appeal or expiration of the time to appeal "unless the judgment is sooner satisfied"). Satisfaction of an independent undisputed portion of a judgment does not operate as a full waiver of the right to appeal. *State ex rel. Storbakken v. Scott's Electric, Inc.*, 2014 ND 97, ¶¶ 7-8, 846 N.W.2d 327 (appellant that satisfied undisputed portion of judgment did not waive its right to appeal a portion of the judgment the appellant disputed). Payment of costs that are incidental to the judgment and independent of the merits of the case also will not defeat the right to appeal. *Twogood v. Wentz*, 2001 ND 167, ¶ 7, 634 N.W.2d 514.

[¶9] The Petitioners claim the Trustees waived their right to appeal by paying the Petitioners' attorney fees and by accepting payment for attorney fees from the Trust. We are not persuaded. The Trustees do not challenge the award of attorney fees in this appeal. Nor have the Petitioners appealed the issue. The award of attorney fees therefore has no bearing on the merits of this appeal and consequently does not operate as a waiver. *See Storbakken*, 2014 ND 97, ¶¶ 7-8. *Cf. Burris v. Burris*, 2022 ND 67, ¶ 9, 972 N.W.2d 103 (voluntary payment of contested attorney fees resulted in waiver of the right to appeal the issue). The Trustees' acceptance of payment for attorney fees from the Trust also does not operate as a waiver. Not every acceptance of a benefit from a judgment precludes the right to appeal. *Bangen v. Bartelson*, 553 N.W.2d 754, 757 (N.D. 1996). There is no waiver when "the parts of the order or judgment are separate and independent and the receipt of a benefit from one part is not inconsistent with an appeal from another . . . . [A]ppellate review survives the acceptance of a benefit which is not placed in jeopardy by the review sought." *Id.* (quoting *Brunswick Corp. v. Haerter*, 182 N.W.2d 852, 859 (N.D. 1971)). We conclude the Trustees have not waived their right to appeal.

III

[¶10] The Trustees argue the district court erred when it did not apply the law of the case doctrine. They assert, based on the 2013 order determining the

3

compensation they previously accepted was reasonable, that res judicata applies to the Petitioners' claims and the court should have "found the co-trustees are not required to repay past compensation received for their services in administering the trust."

[¶11] The law of the case doctrine is based upon the theory of res judicata. *Pennington v. Continental Res. Inc.*, 2021 ND 105, ¶ 9, 961 N.W.2d 264. "The doctrine of res judicata forecloses parties from relitigating claims and issues that have been previously decided." *City of Glen Ullin v. Schirado*, 2020 ND 185, ¶ 6, 958 N.W.2d 155. Whether res judicata applies is a question of law fully reviewable on appeal. *Lucas v. Porter*, 2008 ND 160, ¶ 16, 755 N.W.2d 88; *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 10, 721 N.W.2d 16.

[¶12] The law of the case doctrine has two branches. *Peoples State Bank of Truman, Inc. v. Molstad Excavating, Inc.*, 2006 ND 183, ¶ 12, 721 N.W.2d 43 (citing *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002)). The branch alleged to apply here provides that "'unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case through the pendency of the litigation.'" *Id.* at ¶ 12 (quoting *Ellis* at 646). A successor judge should not revisit rulings previously made in the same proceedings unless "special circumstances" exist. *Peoples State Bank,* at ¶ 11. Whether circumstances justify revisiting a prior ruling made by another district court judge in the same proceeding is a case-specific inquiry. *Id.* at ¶ 13. Although a court of coordinate jurisdiction must generally respect prior rulings, res judicata does not bar litigation of the same type of claim based on different facts. *See Montana-Dakota Utils. Co. v. Behm,* 2020 ND 234, ¶ 8, 951 N.W.2d 208 (res judicata and the law of the case apply when "the facts remain the same").

[¶13] The law of the case doctrine does not apply in separate actions. *See Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.,* 2007 ND 36, ¶ 12, 729 N.W.2d 101. The law of the case ceases to operate once a final judgment disposing of litigation is obtained. *Id.* On the other hand, claim preclusion, which is sometimes referred to as res judicata generally, and issue preclusion, which is sometimes referred to as collateral estoppel, are principles

4

that prohibit relitigating matters that have been decided in a prior action between the same parties or their privies. *Id*. at ¶ 13.

[¶14] The district court held law of the case did not prevent consideration of the compensation percentage, because the nature of trust administration is fluid. The court found the facts had changed since the entry of the 2013 order regarding trustee compensation. The district court held "[r]es judicata and collateral estoppel do not prevent the petitioners from bringing the current petition for removal." We agree with the court's decision to analyze the preclusion issue raised by the Trustees in this way. This is not an ongoing supervised trust administration. The prior order concerning this trust was a final appealable order that disposed of the litigation between the parties. *See Dixon v. Dixon,* 2021 ND 94, ¶ 13, 960 N.W.2d 764 (distinguishing between supervised and unsupervised trust administration for purposes of finality and appealability). The prior litigation had concluded and the law of the case doctrine is therefore not applicable.

[¶15] We also agree with the district court's determination that the Petitioners' claims are not res judicata. The 2013 order determined the Trustees' compensation rate of 8% during September 2011 through March 2012 and their 5% rate during April 2012 to February 2013 were reasonable "under the circumstances." The court ordered the Trustees to "continue to evaluate and assess their rate of compensation on a reasonable basis." We do not read the order as setting a permanent compensation rate regardless of the circumstances. If the circumstances were the same, the Trustees' argument may bear weight. But the district court expressly found they were not, stating: "[t]he facts changed drastically from 2013." The court noted the Trust income and Trustees' compensation increased significantly after the 2013 order. In the years prior to 2013, the Trustees received compensation ranging from roughly $47,000 to $75,000. After 2013, the Trustees received compensation ranging from roughly $102,000 to $307,000. The Trustees argue the increased rate of income corresponds to increased responsibility and liability exposure. If this is the case, the Trustees' responsibilities and exposure are now different—both would be circumstances that were not considered by the court in 2013. The district court's finding that the circumstances have changed since the 2013

5

order is supported by the record.  Because the court found the current petition is based on different facts than the prior petition, we conclude it did not err when it held the Petitioners' claims are not res judicata.

IV

[¶16] The Trust contains an exculpatory clause that relieves the trustees of liability in certain situations.  The Trustees claim the clause applies, and the Petitioners argue it does not.  The court did not explicitly answer this question.  The parties urge us to decide the issue either as a matter of law or based on inferred findings.

[¶17] The exculpatory provision states:

> The Trustee specifically named herein or any successor Trustee named shall not be required to give any bond or other security unless demanded by beneficiaries.  *The Trustee shall not be liable for any mistake or error of judgment in the administration of the Trust herein created, except for willful misconduct, so long as she continues to exercise her duties and powers in a fiduciary capacity primarily in the interest of the beneficiaries hereunder.*  Bond for successor Trustee shall be required only if demanded by the beneficiaries.

(Italics added.)

[¶18] We interpret provisions in a trust like other written instruments.  *Dwyer v. Sell*, 2021 ND 139, ¶ 9, 963 N.W.2d 292.  However, certain provisions in the North Dakota Uniform Trust Code are mandatory and prevail over the terms of a trust.  *See* N.D.C.C. § 59-09-05.  One of these prevailing provisions is N.D.C.C. § 59-18-08, which deals with "[t]he effect of an exculpatory term." N.D.C.C. § 59-09-05(2)(h).  *See also* N.D.C.C. § 59-19-02(1)(b) (Chapter 59-18 applies to judicial proceedings commenced after July 31, 2007).  Section 59-18-08(1) states:

> A term of a trust relieving a trustee of liability for breach of trust is *unenforceable to the extent that the term relieves the trustee of liability for breach of trust committed in bad faith or with reckless indifference to the purposes of the trust* or

6

was inserted as the result of an abuse by the trustee of a fiduciary or confidential relationship to the settlor.

(Emphasis added.) *See also* Unif. Trust Code § 1008 (Unif. Law Comm'n 2000) (providing the same). Section 59-18-08 does not necessarily replace a trust's exculpatory provision. It prevails "to the extent" the trust provision is inconsistent.

> Interpretation of a statute is a question of law fully reviewable on appeal. Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*City of Lincoln v. Schuler*, 2021 ND 123, ¶ 7, 962 N.W.2d 413 (quoting *State v. Fasteen*, 2007 ND 162, ¶ 8, 740 N.W.2d 60).

A

[¶19] The Petitioners claim the exculpatory provision does not apply as a matter of law to breaches of the duty of loyalty.

[¶20] Section 59-16-02, N.D.C.C., provides for the duty of loyalty. Under N.D.C.C. § 59-16-02(1), a trustee must administer the trust solely in the interest of the beneficiaries. However, trustees are allowed to collect "reasonable compensation." N.D.C.C. § 59-16-02(8). In 2007, North Dakota adopted the Uniform Trust Code with some modifications. *See Matter of Bradley K. Brakke Trust*, 2017 ND 34, ¶ 13, 890 N.W.2d 549. The editor's notes to Uniform Trust Code § 1008, which is identical to North Dakota's § 59-18-08, state:

> This section is also similar to Section 222 of the Restatement (Second) of Trusts (1959), except that this Code, unlike the Restatement, allows a settlor to exculpate a trustee for a profit that the trustee made from the trust.

[¶21] We reject the Petitioners' invitation to create a general rule precluding exculpation of a trustee when there is a breach of the duty of loyalty. We read nothing in the statute to support that rule. Under the plain language of N.D.C.C. § 59-18-08, the relevant question is not what type of breach occurred. Exculpation is prohibited when a breach of trust was "committed in bad faith or with reckless indifference to the purposes of the trust." *Id. See also* Kevin J. Parker, *Trustee Defenses: Statute of Limitations, Laches, Self-Executing Accounting Release Provisions, and Exculpatory Clauses*, 23 Prob. & Prop. 53, 57 (2009) (under Unif. Trust Code § 1008 a trustee may retain a profit derived from a breach of trust as long as the trustee did not act with bad faith or reckless indifference). The degree of a trustees' culpability is a question of fact for the trier of fact. *See Newcomer v. Nat'l City Bank*, 19 N.E.3d 492, 503-04 (Ohio Ct. App. 2014) (plaintiffs did not provide sufficient evidence to establish trustee acted in bad faith or with reckless indifference). The district court found the Trustees breached the trust of their beneficiaries by charging and accepting excessive fees. The court made no findings as to the Trustees' level of culpability.

B

[¶22] The Trustees claim the exculpatory provision relieves them of liability in this case because their actions were undertaken in good faith. They argue compensation of five percent is consistent with the district court's first order as well as industry standards. The Trustees claim we can infer from the record that the court determined they acted in good faith because the court chose not to remove them as trustees.

[¶23] Under N.D.C.C. § 59-15-06, the court may remove a trustee for a variety of reasons including "a serious breach of trust." A court's decision to remove a trustee is discretionary. *Dixon v. Dixon*, 2018 ND 25, ¶ 19, 905 N.W.2d 748. The court may exercise its discretion and order other "appropriate relief" under N.D.C.C. 59-18-01 "in lieu of" removal. N.D.C.C. § 59-15-06(3). Section 59-18-01(2) allows the court to remedy a breach of trust by ordering a Trustee to pay money, return trust property, or reduce trustee compensation.

[¶24] In this case, the district court found the Trustees' breach did not constitute a serious breach of trust. But the court also did not vindicate the Trustees' conduct. Rather than ordering removal, the court determined the "proper remedy is for the court to set the proper percentage" and to order "repayment for any compensation received over 2% from 2014 to present." The record does not support the Trustees' assertion that the district court determined their actions were in good faith.

[¶25] In non-jury proceedings the district court must find the facts specially and state its legal conclusions separately:

> Under N.D.R.Civ.P. 52(a), the trial court is required to make findings of fact and conclusions of law sufficient to enable the appellate court to understand the factual determinations made by the trial court and the basis for its conclusions of law and the judgment or order entered thereon. The trial court's findings of fact and conclusions of law should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the trial court's decision. Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in its burden of proof is inadequate under the rule. Rather, the trial court must specifically state the subordinate facts upon which its ultimate factual conclusions rest. Although findings of fact should be stated to afford a clear understanding of the court's decision, findings are adequate if this Court can discern from them the factual basis for the trial court's determination.

*In re T.A.G.*, 2019 ND 115, ¶ 7, 926 N.W.2d 702 (quoting *O'Hara v. Schneider*, 2017 ND 53, ¶ 16, 890 N.W.2d 831).

[¶26] Because the district court did not analyze the issue of whether the exculpation clause applies, we cannot review its decision. Resolution of the issue requires a factual determination as to the Trustees' level of culpability. Because the court's findings are insufficient to permit review, remand is appropriate. *See In re T.A.G.*, 2019 ND 115, ¶ 10 (remanding the case while retaining jurisdiction under N.D.R.App.P.35(a)(3) when the findings of fact were insufficient to permit appellate review).

# V

[¶27] The Trustees argue the Petitioners' claims are barred by the doctrine of laches. They assert the Petitioners' delay in bringing their claims is unreasonable and has caused prejudice because the Trustees paid income taxes on their compensation.

[¶28] The equitable defense of laches operates to bar certain stale claims:

> Laches is a delay or lapse of time in commencing an action that works a disadvantage or prejudice to the adverse party because of a change in conditions during the delay. Laches does not arise from a delay or lapse of time alone, but is a delay in enforcing one's rights which works a disadvantage to another. The party against whom laches is sought to be invoked must be actually or presumptively aware of his rights and must fail to assert them against a party who in good faith permitted his position to become so changed that he could not be restored to his former state. The party invoking laches has the burden of proving he was prejudiced because his position has become so changed during the delay that he cannot be restored to the status quo.

*Twin City Tech. LLC v. Williams Cty.* 2019 ND 128, ¶ 16, 927 N.W.2d 467 (cleaned up). The application of laches is generally an issue of fact. *Siana Oil & Gas Co., L.L.C. v. Dublin Co.*, 2018 ND 164, ¶ 24, 915 N.W.2d 134. "Whether laches bars a claim is a fact intensive inquiry and depends on the facts and circumstances of the case." *Kvande v. Thorson*, 2020 ND 186, ¶ 12, 947 N.W.2d 901. *See also Twin City Tech. LLC v. Williams Cty.*, 2022 ND 63, ¶ 11, 971 N.W.2d 822.

[¶29] The Trustees claim, in a conclusory fashion, that they have experienced prejudice because they paid income tax on the compensation and cannot amend their income tax returns. We note there is a provision in the Internal Revenue Code that provides for a deduction or credit in situations similar to this. *See* 26 U.S.C. § 1341; *see also United States v. Maxwell*, 643 F.3d 1096, 1098 n.2 (8th Cir. 2011) (discussing application of I.R.C. § 1341). We do not decide whether this provisions applies, but its possible application calls the Trustees' conclusory assertion of prejudice into question. The district court did not

make any findings concerning the length of the delay and the prejudice it may or may not have caused. Absent these requisite findings and analysis, we are unable to review its decision. *In re T.A.G.*, 2019 ND 115, ¶ 10. We remand for further findings on this issue.

## VI

[¶30] We hold the petition in this case is not barred by the law of the case doctrine. We retain jurisdiction and remand the case under N.D.R.App.P. 35(a)(3)(B) with instructions that, within sixty days from the filing of this opinion, the district court make specific findings of fact concerning the application of the exculpatory provision and the issue of whether the doctrine of laches applies. The court may, in its discretion, open the record to receive additional evidence.

[¶31] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte

**Tufte, Justice, specially concurring.**

[¶32] I join the majority opinion in full.

[¶33] In my view, if on remand the district court finds there was a "breach of trust committed in bad faith or with reckless indifference to the purposes of the trust," N.D.C.C. § 59-18-08, its findings should explain what specific facts support this finding and at what point in time the trustees had constructive or actual knowledge of these facts. Here, the district court in a February 25, 2013 order found the "Trustees' compensation rate of five percent (5%) of Trust income from April, 2012 to current is reasonable under the circumstances." In the order on appeal here, the court finds the facts "have changed drastically from 2013," and ordered "repayment for compensation paid from 2014 going forward." A finding that the trustees acted in bad faith or with reckless indifference should be premised on facts known at the time of the act taken in

11

bad faith, and repayment for acts of the trustee should not extend back in time further than the facts supporting the finding of bad faith. It is not apparent to me what facts became known to the trustees before January 1, 2014, that would support a finding of bad faith for an act taken in reliance on the February 25, 2013 order. Perhaps circumstances changed so rapidly that compensation the court said "is reasonable" in February became bad faith less than a year later. Or perhaps the district court does not agree with the February 25, 2013 finding and believes it was so clearly erroneous that the trustees should not have relied on it for any period of time after entry of that order. Either way, the district court should explain its reasoning.

[¶34] Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Jerod E. Tufte