# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 170

In the Matter of the Rose Henderson Peterson Mineral Trust dated March 26, 1987

Lyle M. Henderson, Clifford Henderson,
Herbert Henderson, Emmalee McKenzie, and
Dixie J. Henderson,                                             Petitioners and Appellees

      v.

Dennis Henderson and James Henderson,
individually and as co-trustees
of the Rose Henderson Peterson
Mineral Trust,                                                   Respondents and Appellants

      and

Donna Foreman, Patsy Gabbert,
Kimber Henderson, Larry Henderson,
Lyleen Henderson, and
Penny Pitman,                                                    Interested Parties

### No. 20210258

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Per Curiam.

Michael T. Andrews, Fargo, ND, for petitioners and appellees; submitted on brief.

Tyler J. Malm, and David J. Smith, Bismarck, ND, for respondents and appellants; submitted on brief.

# Matter of Rose Henderson Peterson Mineral Trust
## No. 20210258

**Per Curiam.**

[¶1] Dennis Henderson and James Henderson, individually and as co-trustees of the Rose Henderson Peterson Mineral Trust ("Trustees") appealed from a judgment entered after the district court determined they paid themselves an unreasonable amount of compensation from the Trust for their duties as trustees. We were unable to determine whether the court erred by failing to apply an exculpatory clause in the Trust because the court made no findings concerning the Trustees' culpability. *See Matter of Rose Henderson Mineral Trust dated March 26, 1987*, 2022 ND 92, ¶ 26, 974 N.W.2d 372; *see also* N.D.C.C. § 59-18-08 (exculpation of a trustee is not permitted for breaches of trust committed in bad faith or with reckless indifference to the purposes of the trust). We also could not determine whether the court erred by failing to apply the doctrine of laches because the court did not make findings concerning the length of the beneficiaries' delay in bringing this lawsuit or the prejudice any delay may or may not have caused. *Id.* at ¶ 29. We remanded the case while retaining jurisdiction under N.D.R.App.P. 35(a)(3)(B). We instructed the court to "make specific findings of fact concerning the application of the exculpatory provision and the issue of whether the doctrine of laches applies." *Id.* at ¶ 30.

[¶2] On remand, the district court found the Trustees failed to follow a prior order instructing them to review and evaluate their compensation; they accepted annual compensation that was more than four times the amount of the highest annual compensation a previous court had approved as reasonable; they failed to quantify the amount of time they spent performing trust duties; and they ignored requests by beneficiaries to reevaluate their compensation. The court also found the beneficiaries did not delay invoking their rights and the Trustees did not present evidence to establish prejudice. Based on these findings, the court held the Trustees acted with reckless indifference to the purposes of the Trust and the doctrine of laches did not apply.

1

[¶3]   The Trustees argue the district court misapplied the law by "applying multiple, inapplicable culpability standards to the Trustees' conduct."  They specifically assert the district court erred because it "applied the appropriate culpability standard *only once*."  (Emphasis in original).  Although the court used the words "reckless indifference" to describe the Trustees' conduct in respect to various matters of concern, including the purposes of the Trust, we are not convinced the court applied an inappropriate standard.  We conclude the district court's additional findings on remand are not clearly erroneous.  We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶4]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte